# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

HERMAN PHILLIPS,

    Plaintiff,

v.                                                                                          No. 2:24-cv-02265-MSN-tmp

GOVERNOR WILLIAM LEE, et al.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Before the Court is Defendants' Motion to Dismiss (ECF No. 23), filed November 7, 2024, and supported by a memorandum of law (ECF No. 23-1) and a declaration of counsel (ECF No. 23-2). This case commenced on April 25, 2024—453 days ago. (ECF No. 1.) Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (ECF No. 23.) Plaintiff filed two responses in opposition: one on November 25, 2024 (ECF No. 26)[1], and another on January 6, 2025 (ECF No. 29). Defendants filed a reply in support of their motion on December 9, 2024. (ECF No. 28).

---

[1] The filing appears to be a printed email from "Richard MADKINS LAW FIRM" to Plaintiff, which Plaintiff then signed and submitted as his motion. The Court notes that Mr. Madkins has previously attempted to act in a representative legal capacity without a license. In *Madkins v. Ocwen Fin. Servs.*, No. 2:24-cv-02852-JPM-tmp, Richard Madkins described himself as a "certified independent paralegal" and filed pleadings on behalf of a family member. News reports also indicate that he was arrested in November 2023 for impersonating an attorney and attempting to smuggle contraband into a penal facility. *See* Melissa Moon, *Fake lawyer smuggles tobacco, drugs in pants at prison: SCSO*, WREG News Channel 3 (Nov. 16, 2023), https://wreg.com/news/local/fake-lawyer-smuggles-tobacco-drugs-in-pants-at-prison-scso/.
Although a search of the Shelby County Justice System Portal returned no record of conviction, the Court is concerned about what appears to be a pattern of conduct resembling the unauthorized practice of law. That said, without more, the Court does not rely on this conduct in resolving the pending motion.

For the reasons stated below, the Court finds that service was improper and **GRANTS** Defendants' Motion to Dismiss (ECF No. 23).[2]

## **STANDARD OF REVIEW**

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint based on insufficient service of process. "The burden is on the plaintiff to exercise due diligence to perfect service of process after filing of the complaint, and the burden is also on [the plaintiff] to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (cleaned up); see also *Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by a server's affidavit." Fed. R. Civ. P. 4(l)(1).

It is well settled that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because an official capacity suit is against the state entity, service of a defendant sued in his official capacity must be made under Federal Rule of Civil Procedure 4(j). *Powers v. Collins*, No. 2:09-cv-501, 2010 U.S. Dist. LEXIS 145261, 2010 WL 3526518, at *2 (S.D. Ohio Sept. 8, 2010). Rule 4(j)(2) governs service on "[a] state, municipal corporation, or any other state-created governmental organization." Fed. R. Civ. P. 4(j)(2). The Rule provides two methods for proper service: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B).

---

[2] Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED AS MOOT** in light of this Order.

In this case, that means Plaintiff was required to serve either the chief executive officer of the State or follow Tennessee law for serving a summons on a state agency—by delivering it to the attorney general or an assistant attorney general. *See* Fed. R. Civ. P. 4(j)(2)(A)–(B); Tenn. R. Civ. P. 4.04(6) ("Service shall be made… [u]pon the State of Tennessee of any agency thereof, by delivering a copy of the summons and the complaint to the attorney general of the state or to any assistant attorney general.").

Federal Rule of Civil Procedure 4(m) requires dismissal when a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause. That rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period….

Fed. R. Civ. P. 4(m).

"Good cause" exists when the plaintiff has made a "reasonable, diligent effort to timely effect service of process." *Johnson v. Smith,* 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir, 2004)). "But 'lack of prejudice and actual notice are insufficient' to establish good cause, as are 'mistake of counsel or ignorance of the rules.'" *Thul v. Haaland*, No. 22-5440, 2023 U.S. App. LEXIS 5046, at *6 (6th Cir. Mar. 1, 2023) (quoting *Johnson*, 835 F. App'x at 115). The Sixth Circuit has emphasized that the "common denominator" among good cause is that "something outside the plaintiff's control prevents timely service." *Id.* (quoting *Savoie v. City of E. Lansing,* No. 21-2684, 2022 U.S. App. LEXIS 23854, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022)).

## DISCUSSION

### A.  Plaintiff Failed to Perfect Service Under Fed. R. Civ. P. 4(j)

Plaintiff has not perfected service in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff names only state officials in their official capacities (ECF No. 1 at PageID 3–4), which requires compliance with Rule 4(j)(2). *See Will*, 491 U.S. 58 at 71. The Rule mandates that service be made either by delivering a copy of the summons and complaint to the state's chief executive officer or by serving the state in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Here, Plaintiff makes no claim that he personally served any chief executive officer for Defendants, so he must show that he accomplished service in accordance with Tennessee law. *See Fed. R. Civ. P. 4(j)(2); Trawick v. Eller*, No. 3:24-CV-212-DCLC-DCP, 2024 U.S. Dist. LEXIS 216145, at *4 (E.D. Tenn. Nov. 27, 2024).

Under Tennessee law, Plaintiff's attempt to serve Defendants in their official capacities directly by certified mail was improper. While service by certified mail is authorized under Tennessee law, the mail must be addressed to the appropriate individual. Tenn. R. Civ. P. 4.04(10). Further, the return receipt must show "personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." *Id*. Here, Plaintiff needed to serve "the attorney general of the state" or "any assistant attorney general." *See* Tenn. R. Civ. P. 4.04(6). Instead of complying with either permissible method, Plaintiff mailed the summons and complaint directly to state officials and to the Memphis office of the Attorney General, where the documents were signed for by an unauthorized individual. (ECF No. 23-2.) The return receipts therefore fail to demonstrate acceptance by persons designated by Rule 4.04, as required for effective service by certified mail under Tennessee law.

Defendants' counsel informed Plaintiff that this method of service was improper and offered multiple ways to cure the defect. (*See* ECF Nos. 23-2, 23-3, & 23-4.) Plaintiff failed to respond or follow through.

In opposition, Plaintiff argues that service was effective because certified mail receipts demonstrate that the summons and complaints were signed by representatives of the Governor's office and the Attorney General's office. He further contends that Defendants have failed to show any actual prejudice resulting from the method of service and that substantial compliance with Rule 4(e) is sufficient unless the Defendants demonstrate prejudice. Plaintiff cites *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950), in support of the proposition that service by certified mail satisfies due process where it reasonably apprises the parties of the action. (ECF No. 26 at PageID 138.)

These arguments fail for several reasons. First, the burden is not on the Defendants to show prejudice. "The burden is on the plaintiff to exercise due diligence to perfect service of process after filing of the complaint, and the burden is also on [the plaintiff] to establish that proper service has been made." *Campbell*, 496 F. Supp. at 39 (cleaned up).

Second, Plaintiff's reliance on Rule 4(e) is misplaced. As noted, Plaintiff's claims are asserted solely against state officials in their official capacities. An official-capacity suit is "treated as a suit against the entity" of which the officer is an agent; "the real party in interest is the entity," not the named official. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Because Rule 4(e) governs service on individuals—not state entities or officials sued in their official capacities—it does not apply here. *See* Libertarian *Party of Ohio v. Wilhem*, 417 F. Supp. 3d 982, 984-86 (S.D. Ohio 2019) (collecting cases).

Accordingly, the Court finds that Plaintiff has failed to effect service in compliance with Rule 4(j), and service is therefore insufficient.

**B.      Plaintiff Has Not Shown Good Cause for Service Defects.**

Plaintiff has not shown good cause for failing to effect proper service. Plaintiff was informed of the defect, offered assistance by opposing counsel, and nonetheless failed to correct it. A *pro se* litigant's misunderstanding or mistake of the rules does not constitute good cause. *Thul*, 2023 U.S. App. LEXIS 5046 at *6. This case presents the opposite of circumstances warranting a finding of good cause—rather than factors beyond Plaintiff's control preventing timely service, Plaintiff was offered assistance and opportunities to cure service defects but failed to act on them.

**C.      The Court Declines to Exercise Its Discretion to Extend Time for Service**

This Court also notes that it retains discretion to grant an extension to effect service even if the plaintiff does not show good cause. *States v. Oakland Physicians Med. Ctr.*, LLC, 44 F.4th 565, 568 (6th Cir. 2022). In deciding whether to grant a discretionary extension of time, the district court should consider:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

Having considered these factors, the Court finds no basis for a discretionary extension. Plaintiff's efforts were neither reasonable nor diligent. He was repeatedly told,

6

in clear terms, how to effect proper service—including offers of acceptance—and failed to do so. While Defendants had actual notice of the lawsuit, there is no indication that refusal to extend time would bar Plaintiff's claims. Plaintiff has not shown any equitable justification for further delay, nor has he responded to communications from opposing counsel. Although Plaintiff is *pro se*, this does not excuse non-compliance where guidance was offered and ignored. Granting an extension now would undermine the purpose of Rule 4 and prejudice Defendants by continuing a lawsuit in which jurisdiction was never properly invoked. Plaintiff has now had 453 days to effect proper service and has failed to do so.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 23) is hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for insufficient service of process.

**IT IS SO ORDERED**, this 1st day of August, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE